IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS C. ARAGON,

      Movant,

vs.                                                No. CV 16-00910 JAP/KK
                                                      No. CR 12-01395 JAP

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

      The Court, under Rule 4 of the Rules Governing Section 2255 Proceedings For the United States District Courts, considers Movant Dennis C. Aragon's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Motion) (CV Doc. 1; CR Doc. 59). The Motion was not filed within the one year statute of limitations in 28 U.S.C. § 2255(f) and will be dismissed as untimely.

      Movant Dennis C. Aragon was indicted on charges of being a felon in possession of a firearm and ammunition in violation of 15 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 20, 2013, he pled guilty to the indictment by a written Plea Agreement. (CR Doc. 44). In his Plea Agreement, Aragon waived his right to appeal and to collaterally attack his conviction and the sentence imposed, other than on the grounds of ineffective assistance of counsel in negotiating or entering into the plea or waiver. (CR Doc. 44 at 7-8).

      In 2010, Aragon had been convicted in New Mexico state court of possession of a personal-use quantity of heroin and had received a sentence of probation. (CR Doc. 49 at 6). At the time he committed the offense in this case, he was on probation for the 2010 state court conviction and sentence. (CR Doc. 49 at 6). New Mexico state court charges were brought

1

against Aragon stemming from the same events giving rise to his federal charges in this case. *See State v. Aragon,* No. D-202-CR-2012-05332.

The United States Probation Office prepared a revised Presentence Report ("PSR"), which calculated a total offense level of 23 and a criminal history category of V, yielding an advisory Guidelines sentencing range of 84-105 months.  (CR Doc. 53 at 1).  Aragon sought a downward departure, contending that the four criminal history points that were based on the 2010 conviction and the fact that the instant offense was committed while he was on probation resulted in over-representation of his criminal history. Aragon requested a one level reduction in his criminal history. (CR Doc. 49 at 5-6).  Aragon also asked that the Court order his federal sentence to be served concurrently with any sentence imposed in his pending state criminal case. (CR Doc. 49 at 9-10).  The United States did not oppose a one level criminal history downward departure or an order that Aragon's federal sentence be served concurrently with any state court sentence.  (CR Doc. 52 at 1-2).  On March 17, 2014, the Court accepted the Plea Agreement and sentenced Aragon to 51 months and 21 days of imprisonment. (CR Doc. 55).  The Court ordered that his federal sentence would run concurrently with any sentence later imposed in New Mexico case No. D-202-CR-2012-05332.

Consistent with his Plea Agreement, Aragon did not file any direct appeal of his conviction and sentence.  The Court takes judicial notice that the charges in New Mexico state court case No. D-202-CR-2012-05332 were dismissed on September 15, 2014 by a *Nolle Prosequi* filed by the State of New Mexico because Aragon was serving the federal sentence imposed in this case for charges stemming out of the same incident.  *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition

of the case at hand).  The *Nolle Prosequi* was filed in state court several months after the deadline for filing any direct appeal of Aragon's federal conviction and sentence.  *See* Fed. R. App. P. 4(b)(1).

Aragon filed his Motion on August 10, 2016.  (CV Doc. 1; CR Doc. 59).  Aragon argues two grounds in support of his Motion:

> "Trial Counsel rendered ineffective assistance for failing to consult the petitioner about an appeal and also failing to perfect an appeal, once his state charges were dismissed after his sentence on federal gun violations resulting in the denial of his Sixth Amendment rights under the United States Constitution . . .
>
> Petitioner's Counsel rendered ineffective assistance for failing to object to the Pre-Sentence Report."

(CV Doc. 1 at 11, 13; CR Doc. 59 at 11, 13).

On August 16, 2016, the Court entered an Order directing Aragon to show cause why his Motion should not be dismissed as untimely under the 28 U.S.C. § 2255(f) one-year statute of limitations. (Doc. 60).  Aragon responded that he did not file his Motion within the one-year time limit because his attorney had advised him that she would file an appeal "because the charges that the Court used to enhance his sentence were dismissed soon after his conviction in federal court" and he was unaware that his attorney had not filed a notice of appeal.  (CR Doc. 62).

Aragon is proceeding under 28 U.S.C. § 2255. Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized

> by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the absence of an appeal, a criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. *United States v. Prows,* 448 F.3d 1223, 1227–28 (10th Cir.2006). Under the Federal Rules of Appellate Procedure, the time for filing a direct criminal appeal expired fourteen days after the entry of the judgment being appealed. Aragon was sentenced and judgment was entered on March 17, 2014. (CV Doc. 1 at 1, ¶ 2; CR Doc. 55). Aragon states his attorney did not appeal from the judgment of conviction. (CV Doc. 4, 7). Nor did Aragon file any post-judgment motions, petitions, or applications concerning the judgment of conviction. (CV Doc. 1 at 2, ¶ 10). Therefore, Aragon's judgment of conviction became final on March 31, 2014. Absent a basis for equitable tolling, the August 10, 2016 filing of his Motion is untimely under 28 U.S.C. § 2255(f)(1). *Clay v. United States*, 537 U.S. 522, 524 (2003); *Prows,* 448 F.3d at 1227–28 (10th Cir.2006).

To be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). Aragon argues that his Motion should not be considered untimely because he did not know his attorney, Abby Engen, had not filed an appeal from his conviction and sentence. (CV Doc. 1 at7- 9, ¶¶ 15,18; Doc. 4 at 1). Aragon's Plea Agreement, however, establishes that Aragon waived his right to appeal his conviction and sentence. (Doc. 44 at 7, ¶ 15). The Plea Agreement is signed by Aragon's prior counsel, Todd Coberly, who stated: "I have carefully discussed every part of this

agreement with my client. . . [t]o my knowledge, my client's decision to enter into this agreement is an informed and voluntary one." (Doc. 44 at 10). Aragon also signed the Plea Agreement, stating "I understand the terms of this agreement, and I voluntarily agree to those terms." (Doc. 44 at 10). Further, any appeal following the *Nolle Prosequi* dismissal of his state charges would have been untimely.

Based on the record establishing Aragon's knowing waiver of his appeal rights, the alleged failure of his attorney, Engen, to file an appeal, and his claimed lack of knowledge do not constitute extraordinary circumstances that prevented him from filing or afford him a basis for equitable tolling of the statute of limitations on his § 2255 Motion. *Lawrence v. Florida,* 549 U.S. at 336; *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000) (equitable tolling is an available remedy only when the prisoner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Aragon's Motion is untimely under 28 U.S.C. § 2255(f) and is barred by the statute of limitations. *Clay v. United States*, 537 U.S. at 524; *Prows,* 448 F.3d at 1227–28 (10th Cir.2006).

The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Proceedings For the United States District Courts, that Aragon has failed to make a substantial showing that he has been denied a constitutional right. Therefore, the Court will deny a certificate of appealability. Aragon's Motion is untimely and, even if it were not time-barred, Aragon would not be entitled to § 2255 relief. The subsequent *Nolle Prosequi* dismissal of the charges in New Mexico case No. D-202-CR-2012-05332, entered because Aragon was serving the federal sentence in this case, did not alter the circumstances or affect the validity of his prior federal sentence.

IT IS ORDERED that Movant Dennis C. Aragon's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (CV Doc. 1; CR Doc. 59) is dismissed as untimely under 28 U.S.C. § 2255(f) and a certificate of appealability is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE